WILLIAM A. MILES AND COMPANY *vs.* THE ODD FELLOWS MUTUAL AID ASSOCIATION.

Third Judicial District, New Haven, June Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Public Acts of 1895, Chap. 255, as amended in 1897 and in 1899, provides that all benefits due from a fraternal society, organized and carried on for the sole interest of its members and their beneficiaries, and not for profit, which has a lodge system " with a ritualistic form of work," shall be exempt from attachment. *Held :*—

1. That benefits due from a mutual aid association which had no ritual of its own were not exempt from attachment.
2. That it was immaterial that all the members of such association were also members of an order which did have the prescribed ritual.

Submitted on briefs June 9th—decided July 24th, 1903.

ACTION in the nature of a *scire facias* against a corporation as a garnishee, brought to the Court of Common Pleas for New Haven County. Answer that the garnishee owed nothing to the original defendant, except certain moneys which it had paid into court, due to her as a beneficiary, designated by a member of the association to receive a certain pecuniary benefit upon his death; and that this fund was exempt from attachment. Demurrer to the answer sustained (*Cable, J.*), and judgment for plaintiff. *No error.*

*Cornelius J. Danaher*, for the appellant (defendant).

*E. P. Arvine* and *George E. Beers*, for the appellee (plaintiff).

BALDWIN, J. Process of foreign attachment was served upon the defendant in October, 1901, as debtor to one Ida Oefinger. Its answer states that it is "an association composed exclusively of members in good standing in any duly constituted lodge of Odd Fellows in the New England States, or of members in good standing in any lodge of the order who reside in the State of Connecticut, which association is organized and carried on for the sole benefit of its members and their beneficiaries, and not for profit, having a lodge system, and a representative form of government, having provisions for the payment of benefits in case of death or disability of its members, and having among its objects the creation of a fund from which shall be paid to such beneficiaries as its members may designate and its board of directors approve a sum not exceeding $2,000. Said society of Odd Fellows is an association having a lodge system, with a ritual, and a representative form of government." The defendant, when garnisheed, owed Ida Oefinger $750 as a benefit which had accrued to her, by the death of one of its members, as a duly designated beneficiary. The only question is whether this debt was by statute exempt from attachment.

This depends on the law as it stood in October, 1901, when, if ever, the attachment was effected.

In 1895, "An Act concerning Secret or Fraternal Societies" was passed, the main purpose of which was to regulate the relations of such societies to the insurance department of the State. The term "secret or fraternal society," it was declared in § 1, was used as including, among others, any "corporation, society, or voluntary association organized and carried on for the sole benefit of its members and their beneficiaries, and not for profit, having a lodge system, with a ritualistic form of work and a representative form of government, and making provision for the payment of benefits in case of death." Provided certain papers were filed with the insurance commissioner (and in such case only) any such society was authorized to do business in the State, and, by § 7, all benefits becoming due from a society so authorized were exempted from attachment. The Act, by § 11, was not to apply "to the societies of Masons or Odd Fellows located in this State, nor to associations composed exclusively of their respective members." In 1899, by an Act entitled "An Act concerning Fraternal Insurance Societies," there was added to § 11 a proviso that § 7 should "apply to all fraternal societies legally doing business in this State." Public Acts of 1895, p. 595, Chap. 255; id. 1897, pp. 826, 830, 831, Chapters 107, 112, 113; id. 1899, p. 1050, Chap. 117.

This Act of 1899 began by declaring that the proviso should read "provided, however, that section seven of this act" (i. e. the Act of 1895) "shall apply to all fraternal beneficial societies legally doing business in this State;" adding, however, "so that said section as amended shall read as follows;" and in the amended section as then recited the word "beneficial" did not appear. The effect of the amendment having been thus explicitly stated, the Act must be treated as if it applied to fraternal societies, whether properly described as "beneficial" or not.

This leaves the meaning of the term "fraternal," under the Act of 1895, to be settled by its other provisions. These define it precisely. It must, by § 1, have "a lodge system, with a ritualistic form of work." The answer alleges that the defendant has a lodge system, but does not aver that it

has a ritualistic form of work.   That its members are all Odd Fellows, and that the Odd Fellows constitute a society having a lodge system with a ritual, is of no consequence.   Connecticut societies of Odd Fellows were expressly excluded by § 11 from the operation of the Act of 1895, as well as associations composed exclusively of the members of such societies. The defendant is not such an association, for it admits members of any lodge of Odd Fellows existing in New England; but it is excluded under § 1 of the Act, on the broader ground of its failure to come within the statutory definition, for want of a ritual of its own.

It would serve no useful purpose to inquire whether the Revision of 1902 has changed or preserved the law in this respect.   If it has preserved it, the demurrer was properly sustained.   If it changed it, the demurrer was also properly sustained, for the rights of the parties became unalterably fixed during the year preceding that when the Revision took effect.

There is no error.

In this opinion the other judges concurred.